IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FORTRESS VALUE RECOVERY FUND I, LLC | CASE NO. 1:11-CV-00200 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| v. | |
| COLUMBUS COMPONENTS GROUP, LLC, CCG HOLDINGS, LLC, PJ MANAGEMENT GROUP, LLC, HAWTHORN MANUFACTURING CORPORATION, and PATRICK JAMES | **ANSWER OF DEFENDANT CCG HOLDINGS, LLC WITH JURY DEMAND** |
| Defendants. | |

Defendant, CCG Holdings, LLC ("CCG Holdings" or "Defendant"), for its Answer to the Complaint of Plaintiff Fortress Value Recovery Fund I, LLC, hereby states as follows:

1. Defendant admits that on or about December 9, 2004, it executed and delivered to Brantley Mezzanine Finance, LLC, a guaranty, a copy of which is attached to the Complaint as Exhibit B, but otherwise denies the remaining allegations set forth in paragraph 1 of the Complaint.

2. Defendant denies the allegations set forth in paragraph 2 of the Complaint.

3. Defendant denies the allegations set forth in paragraph 3 of the Complaint, for want of knowledge.

4. Defendant admits that Columbus Components Group, LLC is a limited liability company organized under the laws of the State of Ohio, but otherwise denies the allegations set forth in paragraph 4 of the Complaint.

5. Defendant admits that it is a limited liability company organized under the laws of the State of Ohio, but otherwise denies the allegations set forth in paragraph 5 of the Complaint.

6. Defendant admits that PJ Management Group, LLC is a limited liability company organized under the laws of the State of Ohio, but otherwise denies the allegations set forth in paragraph 6 of the Complaint, for want of knowledge.

7. Defendant admits that Hawthorn Manufacturing Corporation is a corporation organized under the laws of Ohio, but otherwise denies the allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint.

9. Defendant denies, for want of knowledge, the allegations set forth in paragraph 9 of the Complaint.

10. Defendant admits that venue is proper in this district, but otherwise denies the allegations set forth in paragraph 10 of the Complaint.

11. Defendant admits that Columbus Components Group, LLC is a party to an Amended and Restated Note Purchase Agreement dated March 1, 2005, a copy of which is attached to the Complaint as Exhibit A and the terms of which are self-evident, but otherwise denies the allegations set forth in paragraph 11 of the Complaint.

12. Defendant denies that Plaintiff is the successor in interest to Brantley Mezzanine Finance, LLC, and further denies the remaining allegations of paragraph 12 of the Complaint for want of knowledge.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies, for want of knowledge, all allegations regarding a letter dated April 1, 2009, since no such letter is attached to the Complaint, further denies any payment obligations to Plaintiff, and denies all remaining allegations set forth in the Complaint for want of knowledge.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies the allegations set forth in paragraph 17 of the Complaint.

18. Defendant admits that it is the single member of Columbus Components Group, LLC, and further admits that PJ Management Group, LLC has from time to time provided management services to Columbus Components Group, LLC, but otherwise denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant admits that Exhibits B and C to the Complaint purport to be copies of guaranties given to Brantley Mezzanine Finance, LLC by, respectively, CCG Holdings, LLC and PMJ Management, LLC, dba Viking Management, the terms of which written guaranties are self-evident, but otherwise denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies, for want of knowledge, the allegations set forth in paragraph 21 of the Complaint.

22. Defendant admits that James is the controlling owner of Defendant, and denies the remaining allegations set forth in paragraph 22 of the Complaint, for want of knowledge.

23. Defendant denies the allegations set forth in paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint.

26. Defendant admits that it, PJ Management Group, LLC, and Hawthorn Manufacturing Corporation have, from time to time, had office space at the same office building, but otherwise denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint

30. Defendant denies that any information provided in connection with the Amended and Restated Note Purchase Agreement was false, and further denies the remaining allegations set forth in paragraph 30 of the Complaint.

31. Defendant states that the terms of the Amended Note Purchase Agreement attached to the Complaint as Exhibit A are self-evident, but otherwise denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant admits that Patrick James, Jeffrey Lynn, Jay Schabel, and/or Rich Adante have, from time to time, exercised management authority on behalf of the Defendants named in this action, but otherwise denies the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

34. Defendant states that the pleadings and parties in that certain civil action captioned *Tristate Capital Bank v. Red Rock Stamping, LLC, et al*, Case No. 09-CV-01455, which was brought in the Federal District Court for the Northern District of Ohio, are matters of public record, that no allegations of fraud or wrongful conduct were ever proven or established in that case, and that said litigation was dismissed, with prejudice. Defendant denies the remaining allegations set forth in paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. For its answer to paragraph 38 of the Complaint, Defendant incorporates by reference its responses and averments to paragraphs 1 through 37 of the Complaint as set forth above, each as if fully rewritten herein.

39. Defendant states that the terms of the Amended and Restated Note Purchase Agreement dated March 1, 2005 with Brantley Mezzanine Finance, LLC are self-evident, but otherwise denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant states that the terms of the Amended and Restated Note Purchase Agreement dated March 1, 2005 with Brantley Mezzanine Finance, LLC are self-evident, but otherwise denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant states that the terms of the Amended and Restated Note Purchase Agreement dated March 1, 2005 with Brantley Mezzanine Finance, LLC are self-evident, but otherwise denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44. For its answer to paragraph 44 of the Complaint, Defendant incorporates by reference its responses and averments to paragraphs 1 through 43 of the Complaint as set forth above, each as if fully rewritten herein.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. Defendant states that the terms of Exhibit B attached to the Complaint are self-evident, but otherwise denies the allegations set forth in paragraph 46 of the Complaint.

47. Defendant states that the terms of Exhibit B attached to the Complaint are self-evident, but otherwise denies the allegations set forth in paragraph 47 of the Complaint.

48. Defendant states that the terms of Exhibit B attached to the Complaint are self-evident, but otherwise denies the allegations set forth in paragraph 48 of the Complaint.

49. Defendant states that the terms of Exhibit B attached to the Complaint are self-evident, but otherwise denies the allegations set forth in paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53. For its answer to paragraph 53 of the Complaint, Defendant incorporates by reference its responses and averments to paragraphs 1 through 52 of the Complaint as set forth above, each as if fully rewritten herein.

54. Defendant states that the terms of the Guaranty attached to the Complaint as Exhibit C are self-evident, but otherwise denies the allegations set forth in paragraph 54 of the Complaint.

55. Defendant states that the terms of the Guaranty attached to the Complaint as Exhibit C are self-evident, but otherwise denies the allegations set forth in paragraph 55 of the Complaint.

56. Defendant states that the terms of the Guaranty attached to the Complaint as Exhibit C are self-evident, but otherwise denies the allegations set forth in paragraph 56 of the Complaint.

57. Defendant states that the terms of the Guaranty attached to the Complaint as Exhibit C are self-evident, but otherwise denies the allegations set forth in paragraph 57 of the Complaint.

58. Defendant states that the terms of the Guaranty attached to the Complaint as Exhibit C are self-evident, but otherwise denies the allegations set forth in paragraph 58 of the Complaint

59. Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60. Defendant denies the allegations set forth in paragraph 60 of the Complaint.

61. Defendant denies the allegations set forth in paragraph 61 of the Complaint.

62. For its answer to paragraph 62 of the Complaint, Defendant incorporates by reference its responses and averments to paragraphs 1 through 61 of the Complaint as set forth above, each as if fully rewritten herein.

63. Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in paragraph 65 of the Complaint.

66. Defendant denies the allegations set forth in paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69. Defendant denies all remaining allegations set forth in Plaintiff's Complaint not hereinabove admitted to be true.

## **ADDITIONAL DEFENSES**

70. Defendant denies that Plaintiff has set forth a claim upon which relief can be granted.

71. Defendant denies that Plaintiff has standing to bring this action.

72. Defendant states that Plaintiff's Complaint is barred for failure of consideration.

73. Defendant states that Plaintiff's Complaint is barred to the extent that sums sought have been paid.

74. Defendant states that Plaintiff's Complaint is barred pursuant to the doctrine of accord and satisfaction.

75. Defendant states that Plaintiff's Complaint is barred pursuant to the applicable statutes of limitation.

76. Defendant states that Plaintiff's Complaint is barred under the doctrine of laches.

77. Defendant states that Plaintiff's Complaint is barred pursuant to the applicable statues of fraud.

78. Defendant states that Plaintiff's Complaint is barred under the additional doctrines and/or defenses of estoppel, waiver, and release.

79. Plaintiff has failed to plead its allegations of fraud with particularity.

80. Defendant reserves the right to assert additional defenses.

## JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: */s/ Patrick J. Keating*
Patrick J. Keating #0023481
Philip R. Wiese #0067058
Matthew R. Duncan #0076420
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
Email: pkeating@bdblaw.com
   pwiese@bdblaw.com
   mduncan@bdblaw.com

*Attorneys for Defendant,*
*CCG Holdings, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed electronically this 16th day of March, 2011 and that a copy of the foregoing was served upon all parties in this case by operation of this Court's electronic filing system and by regular U.S. Mail postage prepaid to Plaintiff's counsel, Scott S. Balber, Chadbourne & Parke, LLP, 30 Rockefeller Plaza, New York, NY 10112.

*/s/ Patrick J. Keating*

«AK3:1059856_1»