IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FORTRESS VALUE RECOVERY FUND I, LLC ) | CASE NO. 1:11-CV-00200 |
| ) | |
| ) | JUDGE JAMES S. GWIN |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COLUMBUS COMPONENTS GROUP, LLC, CCG HOLDINGS, LLC, PJ MANAGEMENT GROUP, LLC, HAWTHORN MANUFACTURING CORPORATION, and PATRICK JAMES ) ) ) ) ) ) | **REPLY OF DEFENDANTS COLUMBUS COMPONENTS GROUP, LLC, CCG HOLDINGS, LLC AND PJ MANAGEMENT GROUP, LLC IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| Defendants. ) | |

## INTRODUCTION

Plaintiff Fortress Value Recovery Fund I, LLC ("Plaintiff" or "Fortress") commenced this action against Defendants Columbus Components Group, LLC ("CCG"), CCG Holdings, LLC ("CCG Holdings"), and PJ Management Group, LLC ("PJ", and, with CCG and CCG Holdings, collectively, "Movants"), as well as other Defendants. In its Complaint, Plaintiff seeks judgment against the Movants based upon their obligations owed to Brantley Mezzanine Finance, LLC ("Brantley") pursuant to an Amended and Restated Note Purchase Agreement ("Note Purchase Agreement") between Brantley and CCG dated March 1, 2005 and two guaranties executed by CCG Holdings and PJ which were also provided to Brantley.

Although Fortress alleged in its Complaint that it was the successor of Brantley with respect to the Note Purchase Agreement, no documentation was provided in the Complaint, or in any attachments thereto, which supported such a claim. Accordingly, the Movants filed their

Motion to Dismiss. Co-Defendants Hawthorn Manufacturing Corporation ("Hawthorn") and Patrick James ("James") also filed a separate Motion to Dismiss Fortress' Complaint.

On March 11, 2011, Fortress filed an Omnibus Memorandum of Law in Opposition to these Motions to Dismiss. In support of that Omnibus Memorandum, Fortress also submitted the Affidavit (the "Balber Affidavit") of one of its attorneys, Scott S. Balber, attached to which are various documents. The Omnibus Memorandum, as well as the documents attached to the Balber Affidavit, fail to establish that Fortress has any standing to pursue this action against the Movants or the other Defendants. Indeed, if anything, Fortress simply has raised greater doubt as to its standing to pursue this action.

## LAW AND ARGUMENT

### I. FORTRESS HAS FAILED TO ESTABLISH THAT IT HAS STANDING TO ASSERT CLAIMS AGAINST THE MOVANTS.

Fortress claims in its Omnibus Memorandum that it need not "prove" that it has standing, provided that it has adequately pled that it has standing. Unfortunately for Fortress, however, the documents which it attached to its Complaint contradict the very claim that it asserts regarding its standing. The documents which it attaches to the Balber Affidavit create even more doubt.

Fortress claims that it was known as D.B. Zwirn Special Opportunities Fund, L.P. ("D.B. Zwirn") until it converted to a limited liability company and changed its name to Fortress. See, paragraph 3 of Plaintiff's Complaint. In paragraph 12 of its Complaint, Plaintiff claims that it extended a loan to Brantley pursuant to a Senior Finance Agreement dated September 17, 2004 ("Finance Agreement"). No copy of this Finance Agreement was attached to the Complaint, and this was one of the bases upon which the Movants filed their Motion.

2

Exhibit C to the recently filed Balber Affidavit is a document that purports to be the Finance Agreement referenced in the Complaint. This is an agreement dated September 17, 2004 that identifies Brantley as borrower. The lenders to this agreement are identified as "The Financial Institutions From Time to Time Party Hereto". The only other party to this agreement is listed as Highbridge/Zwirn Special Opportunities Fund L.P. ("Highbridge") as Administrative Agent. The only lender whose signature appears on the Finance Agreement is also Highbridge. Executing on behalf of Highbridge, both as Agent and as Lender, is Daniel Zwirn on behalf of Zwirn Holdings, LLC ("Zwirn Holdings"), which is identified as the managing member of Highbridge/Zwirn Partners, LLC ("HZ Partners"), which is identified as the general partner of Highbridge. Although the Balber Affidavit states in paragraph 4 that Highbridge is "now known as Plaintiff", there is no documentation to support this conclusory allegation. Indeed, Highbridge is now the third separate entity which has been characterized as "now known as Plaintiff", in addition to D.B. Zwirn and Fortress. See Balber Affidavit, ¶¶ 4 and 5.

One might think that it should be a fairly simple matter for a Plaintiff in a federal lawsuit to establish that it has standing to assert the claims it has pled. This is especially the case given that Plaintiff is asserting claims against the Movants which are based upon written contracts. To date, every document which Plaintiff has produced in connection with its pleadings and in response to the Motion to Dismiss fails even to identify Fortress, let alone establish that it has any standing to pursue the claims it has pled.

Exhibit D to the Balber Affidavit introduces yet another name to the entities that are in some way affiliated with the various companies "now known as Plaintiff". Exhibit D is a letter dated April 19, 2007 addressed to Reserve Mezzanine Finance, LLC ("Reserve") and its counsel, Kirkland & Ellis, LLP. It is written on the letterhead of D.B. Zwirn & Co. ("Zwirn & Co."), but

3

it is signed by David C. Lee as the president of D.B. Zwirn.[1] The address listed on this letter is 745 Fifth Avenue, 18th Floor, New York, New York 10151, which is the same address listed for Highbridge in the notice provision of the Finance Agreement. See, Balber Affidavit, Exhibit C, p. 66.

Thus, based upon the Complaint, the Omnibus Memorandum, and the Balber Affidavit and the exhibits attached thereto, we have documents purporting to show that D.B. Zwirn and Highbridge had rights against Brantley, but not Fortress. Although the Balber Affidavit claims that both Highbridge and D.B. Zwirn, as well as Fortress, are "now known as Plaintiff", there is no documentation which shows that Fortress has any rights to pursue the Movants. Indeed, the Balber Affidavit adds to the confusion by introducing yet other entities, including Zwirn Holdings, HZ Partners, and Zwirn & Co. We know that D.B. Zwirn, on at least one occasion, has sent correspondence on Zwirn & Co. letterhead. We also know that several of these entities share the same office.[2] Yet none of these documents identify Fortress as having any right to pursue the Movants.

As set forth in the Movants' Motion to Dismiss, the Sixth Circuit requires the Plaintiff to establish that it has standing to pursue a lawsuit in federal court as a jurisdictional prerequisite. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Fortress has failed to satisfy this prerequisite. Accordingly, its Complaint should be dismissed.

---

[1] Plaintiff thus proves that it is guilty of that of which it accuses the Defendants. It accuses the Defendants of maintaining "illusory" distinctions between entities merely because certain individuals performed management services for more than one entity. See Complaint ¶ 25. But here Plaintiff has actually shown that the "supposed distinction" between its affiliates is illusory, since Plaintiff's principals do not respect the separateness of the entity on whose behalf they are communicating.

[2] In paragraph 26 of its Complaint, Plaintiff pleads that sharing "the same office address" supports its claim that the Court should ignore the corporate veil of the Movants. Apparently, Plaintiff takes the position that there is nothing wrong with its affiliates sharing office space, but when Movants do so, a different standard applies.

4

II.     **FORTRESS HAS FAILED TO ADEQUATELY PLEAD THAT JAMES AND HAWTHORN ARE THE ALTER EGOS OF MOVANTS.**

In its Complaint, Fortress claims that the Movants had no independent will of their own, but rather were the mere alter egos of James and Hawthorn. To bolster these allegations, Plaintiff submits two additional exhibits with the Balber Affidavit. Neither has any evidentiary or pleading value.

Exhibit 1 is the First Amended Complaint in the case of *Tristate Capital Bank v. Red Rock Stamping, LLC, et al.,* Case No. 1:09 CV 1455 (Northern District of Ohio), which also named Hawthorn and James as Defendants as well as CCG. As Plaintiff well knows, however, this case was settled, and none of the allegations were proven. Indeed, attached as Exhibit B to the Balber Affidavit is a copy of the transcript of the hearing held on July 15, 2010 regarding the parties' settlement.

As Plaintiff also knows, Federal Rule of Evidence 408 specifically provides that evidence of a settlement cannot be used to establish liability. Thus, the Tristate lawsuit and the settlement thereof have absolutely no support, either from an evidentiary standpoint or from a pleading standpoint, to support Plaintiff's claims of piercing the corporate veil. Indeed, even if the settlement agreement could come into evidence, it fails to support Plaintiff's alter ego claims. A close reading of the transcript establishes that the structure of the settlement was the repurchase of the Tristate loans made to the borrowers in that case. That purchaser, Hudson Financial Corporation, is now pursuing collections against the entities that owed the borrowers in an effort to make a profit on its purchase.

As is the case with the issue of standing, the documents attached to the Balber Affidavit appear to be designed to confuse and obscure, rather than illuminate. They do not establish that

5

Plaintiff has pled any facts which, if proven, would entitle it to relief based upon piercing a corporate veil.

## CONCLUSION

Plaintiff has now had two opportunities to establish that it has standing to pursue the claims it has pled; first in its Complaint, and second in its Omnibus Memorandum and the Balber Affidavit. Although Plaintiff has produced some additional documents, none of them show that Fortress has any rights to pursue these claims. Accordingly, the Complaint should be dismissed.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: */s/ Patrick J. Keating*
Patrick J. Keating #0023481
Philip R. Wiese #0067058
Matthew R. Duncan #0076420
3800 Embassy Parkway, Suite 300
Akron, Ohio 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559
Email: pkeating@bdblaw.com
pwiese@bdblaw.com
mduncan@bdblaw.com

*Attorneys for Defendants Columbus Components Group, LLC, CCG Holdings, LLC, and PJ Management Group, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the foregoing was filed electronically this 24th day of March, 2011 and that a copy of the foregoing was served upon all parties in this case by operation of this Court's electronic filing system.

                 */s/ Patrick J. Keating*

«AK3:1060575_1»