UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

FORTRESS VALUE RECOVERY FUND I LLC,

                              Plaintiff,

-against-

COLUMBUS COMPONENTS GROUP, LLC, CCG HOLDINGS, LLC, PJ MANAGEMENT GROUP, LLC, HAWTHORN MANUFACTURING CORPORATION, and PATRICK JAMES,

                              Defendants.

Case No. 1:11-CV-00200
Hon. James S. Gwin

REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) AND LR 16.3(b)(3)

---

Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), a telephonic meeting was held on March 17, 2011, and was attended by Scott S. Balber, counsel for plaintiff Fortress Value Recovery Fund I LLC; Pete C. Elliott on behalf of defendants Patrick James ("James") and Hawthorn Manufacturing Corporation ("Hawthorn"); and Patrick J. Keating on behalf of defendants PJ Management Group, LLC and ("PJ Management"), CCG Holdings, LLC ("CCG Holdings"), and Columbus Components Group, LLC ("CCG").

1.  **Initial Disclosures:**

    The parties will make their initial disclosures by April 8, 2011.

2.  **Track:**

    The parties recommend the <u>Standard</u> track.

3.  **Alternative Dispute Resolution ("ADR") mechanisms:**

    The parties agree that the case <u>is not</u> suitable for an ADR mechanism.

4.  **United States Magistrate Judge:**

Defendants do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

5. **Recommended Discovery Plan**

   a. *Subjects of Discovery by Plaintiff*:

      i. Any and all communications, documents, testimony or other matters relating to:

         1. James' exercise of control and authority over the corporate defendants
         2. Organizational charts of the corporate defendants
         3. Lists of officers, directors and employees of the corporate defendants
         4. Bank and other financial books, records, and accounting and tax documents for all Defendants
         5. Tristate Capital Bank v. Red Rock Stamping
         6. CCG's payment obligations under the Note Purchase Agreement
         7. CCG Holdings and PJ Management's obligations under the Guaranties
         8. Defendants' default under the Note Purchase Agreement
         9. Management arrangement of, and fees received by, PJ Management or any Defendant
         10. Identities of other companies under James/Hawthorn control
         11. Identities of other companies managed by PJ Management

      ii. Any and all communications, documents, and testimony concerning Defendants' Answers to the Complaint

      iii. All evidence which Defendants intend to present in defense of Plaintiffs' claims, wherever such evidence may be located.

b. *Subjects of Discovery by Defendants Hawthorn Manufacturing Corporation and Patrick James*:

   i. Facts, documents and testimony relating to Plaintiff's claimed basis for standing to sue, including facts relating to the Senior Financing Agreement between Brantley Mezzanine Finance, LLC and Highbridge/Zwirn Special Opportunities Fund, L.P.

   ii. Facts, documents and testimony relating to circumstances of how Plaintiff allegedly became the successor in interest to the $6 million loan to CCG.

   iii. Facts, documents and testimony relating to the alleged default of CCG.

   iv. Facts, documents and testimony relating to the alleged conversion of D.B. Zwirn Special Opportunities Fund, L.P. to Fortress Value Recovery Fund I LLC.

   v. Facts, documents and testimony relating to the Note Purchase Agreement whereby Brantley allegedly loaned funds to CCG.

   vi. Facts, documents and testimony relating to the alleged default of Brantley under the Senior Finance Agreement referenced in paragraph 12 of Plaintiff's Complaint.

   vii. Facts, documents and testimony relating to Plaintiff's alleged notice to CCG of its default under the Note Purchase Agreement, CCG response, efforts, if any, to cure.

   viii. Facts, documents and testimony relating to the alleged right of Plaintiff under the Note Purchase Agreement to declare all obligations immediately due and payable, and the standing of Plaintiff to do so.

3

ix. Facts, documents and testimony relating to the payment history of CCG, the alleged non-payment of the success fee, and the amount of the claimed indebtedness.

x. Facts, documents and testimony relating to the alleged falsity of the representations relating to Plaintiff's loan as alleged in paragraph 30 of Plaintiff's Complaint.

xi. Facts, documents and testimony relating to the alleged basis of Plaintiff's allegations that ten plants were closed as part of a pattern of deception.

xii. Facts, documents and testimony relating to the statements made in the letter dated April 19, 2007, from David Lee of D.B. Zwirn Special Opportunities Fund, L.P. in New York, to Kirkland and Ellis LLP in Chicago, and Reserve Mezzanine Finance, LLC in Ohio.

xiii. Facts, documents and testimony relating to the authority for, and basis of, the letter dated June 25, 2007 allegedly from D.B. Zwirn Partners, LLC, Zwirn Holdings, LLC and Lawrence Cutler to CCG on which it was claimed that Reserve Mezzanine Finance , LLC transferred to D.B. Zwirn Special Opportunities Fund, L.P. all of its right, title and interest in, the Amended and restated Note Purchase Agreement referred to in such letter.

xiv. Facts, documents and testimony relating to the specificity of the time, place and manner of the alleged fraud stated in Plaintiff's Complaint.

c. *Subjects of Discovery by Columbus Components Group, LLC, CCG Holdings, LLC, and PJ Management Group, LLC*:

 i. Any and all communications, documents, or other matters relating to Plaintiff's acquisition of the rights of Brantley Mezzanine Finance, LLC ("Brantley") and/or Plaintiff's standing to pursue the causes of action alleged in the Complaint.

 ii. Any and all communications, documents, or other matters relating to:

  1. Organizational charts of Plaintiff and its affiliates, including but not limited to Highbridge/Zwirn Special Opportunities Fund, L.P., D.B. Zwirn & Co., Zwirn Holdings, LLC, and Highbridge/Zwirn Partners, LLC (collectively "Plaintiff's Affiliates").

  2. Lists of officers, directors and employees of Plaintiff and Plaintiff's Affiliates.

  3. Bank records, financial books and records, accounting and tax documents for Plaintiff and Plaintiff's Affiliates.

 iii. Any and all communications, documents and other matters relating to Plaintiff's conversion to a limited liability company and change of its name to Fortress Value Recovery Fund I, LLC.

 iv. Any and all communications, documents and other matters relating to Plaintiff's conversion to a limited liability company and change of its name to Fortress Value Recovery Fund I, LLC.

 v. Any and all communications, documents and other matters relating to Plaintiff's Complaint.

 vi. All evidence which Plaintiff intends to present at any trial or evidentiary hearing in this action.

**6. Electronic Discovery plan**

The parties have agreed to a Stipulation regarding procedures relating to electronic discovery, attached at Exhibit A.

7. **Discovery and Pre-trial Deadlines**

    a. *Recommended discovery cut-off date*:

        i. Plaintiff recommends that the parties shall have no more than <u>sixty (60) days</u> from the date of the Case Management Conference to conduct discovery.

        ii. Defendants recommend that the parties shall have <u>eight (8) months</u> from the date of the Case Management Conference to conduct discovery.

    b. *Recommended dispositive motion date*:

        i. The parties propose that the date for filing dispositive motions shall be no later than thirty (30) days after the discovery cut-off date.

    c. *Recommended cut-off date for amending the pleadings and/or adding additional parties*:

        i. The parties propose that a cut-off date for amending the pleadings and/or adding additional parties shall be 30 days after the date of the Case Management Conference. If the parties should need to amend their pleadings after that date, they shall request leave of the Court to do so.

    d. *Recommended date for a Status Hearing*:

        i. The parties propose that a status hearing shall be scheduled for ninety (90) days after the date of the Case Management Conference.

8. **Other matters**

    The parties have no other matters for the attention of the Court.

Respectfully submitted,

CHADBOURNE & PARKE LLP

By     /s/ Scott S. Balber
    Scott S. Balber
    30 Rockefeller Plaza
    New York, NY 10112
    Tel. (212) 408-5100
    Fax (212) 541-5369
    sbalber@chadbourne.com

    *Attorneys for Plaintiff*


BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP

By     /s/ Pete C. Elliott (*per consent* 4/1/11)
    Pete C. Elliott (0002235)
    200 Public Square, Suite 2300
    Cleveland, OH 44114-2378
    Tel. 216-363-4500
    Fax 216-363-4588
    pelliott@beneschlaw.com

    *Attorneys for Defendants*
    *Hawthorn Manufacturing Corporation and*
    *Patrick James*


BUCKINGHAM, DOOLITTLE &
BURROUGHS, LLP

By     /s/ Patrick J. Keating (*per consent* 4/1/11)
    Patrick J. Keating (0023481)
    3800 Embassy Parkway, Suite 300
    Akron, Ohio 44333
    Tel. 330-376-5300
    Fax 330-258-6559
    pkeating@bdblaw.com

    *Attorneys for Defendants Columbus*
    *Components Group, LLC, CCG Holdings,*
    *LLC, and PJ Management Group, LLC*

## **CERTIFICATE OF SERVICE**

The foregoing has been served on all parties via the Court's electronic filing system on this 1st day of April, 2011.

/s/ Scott S. Balber
Scott S. Balber