**Stipulation approved 4/7/11.**
**s/ James S. Gwin**
**JAMES S. GWIN**
**UNITED STATES DISTRICT JUDGE**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| FORTRESS VALUE RECOVERY FUND I, LLC | ) CASE NO. 1:11-CV-00200 |
| | ) |
| | ) JUDGE JAMES S. GWIN |
| Plaintiff, | ) |
| | ) Magistrate Judge William H. Baughman |
| v. | ) |
| | ) |
| COLUMBUS COMPONENTS GROUP, LLC, et al. | ) **STIPULATION FOR THE PRESERVATION OF ELECTRONICALLY STORED INFORMATION** |
| | ) |
| | ) |
| Defendants. | ) |

As required by Appendix K to the Local Rules for the United States District Court for the Northern District of Ohio ("Appendix K"), this Preservation Stipulation outlines the procedures required by the parties to preserve ESI (defined below) and to conduct e-discovery during the pendency of this lawsuit.

The parties' respective duties to preserve relevant information in this case shall include all relevant documents, ESI, and tangible items and things in the possession, custody, or control of the parties.

The duty to preserve Relevant ESI (defined below) under this Stipulation extends not only to the information itself, but also to the preservation of any software, hardware, or other items necessary for access to and effective utilization of the Relevant ESI.

**I.    DEFINITIONS**

    **A.    ESI**

    1.    ESI shall include, but is not limited to, the following types of electronically stored information:

        a.    <u>E-mails</u>:  Electronic mail ("e-mail") and attachments.

        b.    <u>Office documents</u>:  Word processing files, charts, presentations, engineering drawings, and spreadsheets.

        c.    <u>Databases</u>:  Databases containing information, i.e., scientific data, financial data, electronic drawings, etc.

        d.    <u>Audio/Visual Recordings</u>:  Audio/visual recordings containing sounds, voice, photographic, video, digital, or other electronic recordings or image files regardless of storage format.

        e.    <u>Image Files</u>:  Image files containing all file imaging documents, i.e., .pdf, .jpeg or .jpg, .tiff, etc.

    2.    For purposes of this Stipulation, ESI means Active ESI kept in the ordinary course of business.  "Active ESI" is information readily available and accessible to computer users through existing file management programs.  Active ESI also includes backup format or a "snapshot" copy or a forensic image of the original storage media made and kept in the ordinary course of business, often created and stored on a periodic basis as defined by Paragraph 2(b) of Appendix K.  Nothing in this Stipulation, however, shall require a party to produce ESI "from sources that the party identifies as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B).

**B.     Relevant ESI**

1.     Relevant ESI means all ESI in the possession, custody, or control of the parties relevant to the allegations, claims, or stated defenses in the parties' briefs or pleadings.

2.     The temporal scope of Relevant ESI is from January 1, 2004.

## II.     PROCEDURES

**A.     Custodian, E-Discovery Coordinators, and Search Protocol**:

Each party shall, <u>no later than two (2) weeks from the entry of this Stipulation</u>:

1.     identify the three (3) most relevant custodians of Relevant ESI (the "Custodians"); and

2.     briefly describe the job responsibilities of each Custodian and the electronic systems used by each during the relevant period for electronic discovery, including any electronic system that is identified as "limited accessibility" ESI.

**B.     Hold Notices**:  <u>No later than two (2) weeks from the entry of this Stipulation</u>, the parties shall also certify to each other that notices have been issued to the Custodians apprising them of the following:

1.     The nature of this litigation, along with the identity of the parties.

2.     The duty to preserve and not alter all relevant information.

**C.     Capture of Relevant ESI**:  Each party shall take the steps necessary to identify, segregate, and preserve Relevant ESI in its original or native format.  If any party operates maintenance or janitorial software on its electronic systems that could destroy or alter Relevant ESI, it must be disabled or turned off while these proceedings are pending, or the Relevant ESI must be segregated so that it is not altered or destroyed or other reasonable steps taken to preserve such ESI.  Each party shall not be required to segregate and preserve duplicate copies of

Relevant ESI. The preservation duties contained in this Stipulation shall not prohibit a party from routine activities that involve the updating and manipulation of data, such as financial analysis and reporting and other data entry that reflects ongoing business activity. Such ESI (i.e., spreadsheets, accounting databases, inventory management files, etc.) need not be separately preserved after every modification so long as the data is maintained to accurately reflect such operations or activity.

     **D.**    **Production Format**: The parties shall produce all Relevant ESI in an image format (i.e., .pdf or .tiff). After initial production in image format, a party must demonstrate particularized need for production of any Relevant ESI in its native format.

     **E.**    **Other ESI**: To the extent the parties locate any electronic files containing Relevant ESI, not otherwise addressed in this Stipulation, the parties shall meet and confer to determine the preservation of such documents.

     **F.**    **Other**: Privilege issues related to Relevant ESI shall be governed by Paragraph 8 of Appendix K.

     By complying with this Stipulation, no party waives any objection to the production of the documents, tangible items or things, and ESI that is preserved. Furthermore, nothing contained herein relieves the parties of their obligations to preserve evidence under other applicable laws, procedures, or regulations.

Dated this 1st day of April, 2011.        Respectfully submitted,

/s/ Scott S. Balber
Scott S. Balber
**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, NY 10112
Telephone:    (212) 408-5100
Facsimile:     (212) 541-5369
Email:          sbalber@chadbourne.com

*Attorneys for Plaintiff Fortress Value Recovery Fund I LLC*


/s/ Patrick J. Keating (*per consent* 4/1/11)
Patrick J. Keating (0023481)
Philip R. Wiese (0067058)
Matthew R. Duncan (0076420)
**BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP**
3800 Embassy Parkway, Suite 300
Akron, OH 44333
Telephone:    (330) 376-5300
Facsimile:     (330) 258-6559
Email:          pkeating@bdblaw.com
                    pwiese@bdblaw.com
                    mduncan@bdblaw.com

*Attorneys for Defendants, Columbus Components Group, LLC, CCG Holdings, LLC, and PJ Management Group, LLC*

- 6 -

*/s/ Pete C. Elliott*       (*per consent* 4/1/11)
Pete C. Elliott (0002235)
Gregory J. Lucht (0075045)
Julia M. Leo (0086997)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, OH 44114-2378
Telephone:    (216) 363-4500
Facsimile:    (216) 363-4588
E-mail:    pelliott@beneschlaw.com;
glucht@beneschlaw.com
jleo@beneschlaw.com

*Attorneys for Defendants Hawthorn Manufacturing Corporation and Patrick James*

## CERTIFICATE OF SERVICE

The foregoing has been served on all parties via the Court's electronic filing system on this 1st day of April, 2011.

/s/ Scott S. Balber
Scott S. Balber
