

**BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP**
Attorneys & Counselors at Law
*Experience. Service. Excellence.*<sup>SM</sup>

3800 Embassy Parkway Suite 300 Akron, Ohio 44333
330.376.5300  Toll Free 800.686.2825  Fax 330.258.6559  www.bdblaw.com

Akron
Boca Raton
Canton
Cleveland

Patrick J. Keating
330/258-6554
Direct Fax: 330/252-5554
pkeating@bdblaw.com

April 28, 2011

The Honorable James S. Gwin
United States District Court
Northern District of Ohio
2 South Main Street
Akron, Ohio 44308

### DEFENDANTS' LETTER REQUEST FOR TELEPHONE CONFERENCE TO CLARIFY PLAINTIFF'S OBLIGATION TO SET FORTH THE BASIS OF ITS CLAIMED STANDING TO PURSUE THIS ACTION WITH REFERENCE TO SPECIFIC DOCUMENTS

Re: *Fortress Value Recovery Fund I, LLC v. Columbus Components Group, LLC, et al.*
**Case No. 1:11-cv-00200**

Dear Judge Gwin:

Pursuant to local practice and the guidelines set forth in Local Rule 37.1, the undersigned on behalf of Defendants Columbus Components Group, LLC, CCG Holdings, LLC and PJ Management Group, LLC ("CCG Defendants"), and after consultation with Attorney Pete Elliott, counsel for Hawthorn Manufacturing Corporation and Patrick James, writes to request a telephone conference with the Court to assist in resolving a dispute regarding the obligation of Plaintiff's counsel to provide a letter outlining Plaintiff's basis for standing to sue in this action.

As the Court may recall from the Case Management Conference conducted on April 13, 2011, the parties and the Court spent significant time discussing the issue of whether Plaintiff, as a claimed successor in interest to Brantley Mezzanine Finance, LLC, had the standing to pursue the claims which it has asserted in this action. As the Court may also recall, after discussing this issue at some length, Attorney Scott Balber on behalf of Plaintiff represented that he would send a letter to counsel for the respective Defendants which would set forth the basis for Plaintiff's position that it has standing to pursue the claims set forth in its Complaint with specific reference to the documents which Plaintiff has produced in its Initial Disclosures. The parties all agreed that, since standing was a threshold issue, it made sense to address this issue in an expedited fashion in order to conserve the resources and time of the parties. Attorney Balber represented at

The Honorable James S. Gwin
April 28, 2011
Page 2

the Case Management Conference that he would be able to provide such a letter shortly thereafter.

On Tuesday, April 19, 2011, six days after the Case Management Conference, the undersigned sent an email to Mr. Balber, inquiring when counsel for the Defendants might expect to receive Mr. Balber's promised letter. A copy of this email is attached. The undersigned received no reply to this email.

Approximately one week later, Attorney Elliott and Attorney Balber engaged in an email exchange on discovery issues, in which the undersigned learned, for the first time, that Mr. Balber had now changed his position and would not be providing the letter promised at the Case Management Conference until he had responded to the Defendants' discovery requests.

The undersigned then sent Mr. Balber a letter on the morning of April 28, 2011, a copy of which is also enclosed. Attorney Balber and the undersigned then engaged in an email exchange, which is also enclosed.

As the Court can see from the tenor of the recent email exchange between the undersigned and Mr. Balber, counsel for the Defendants have no choice but to seek the Court's assistance in resolving this dispute. Both the undersigned and Mr. Elliott expected to receive Mr. Balber's letter shortly after the Case Management Conference. Now it appears that we will not receive it until more than four weeks after the Case Management Conference. Despite the good faith efforts of the undersigned to resolve this dispute without involving the Court, the parties are unable to reach any agreement.

Accordingly, following the practice set forth in Local Rule 37.1 regarding discovery disputes, the undersigned respectfully requests a telephone conference with the Court to address this impasse. The undersigned is hopeful that a call with the Court will obviate the need to resolve this matter on a motion.

Very truly yours,

Patrick J. Keating

PJK/lcs
Enclosures

cc: Scott S. Balber, Esq.
　　 Emily Abrahams, Esq.
　　 Pete Elliott, Esq.
　　 Philip R. Wiese, Esq.

«AK3:1064557_v1»

**Lynn Shelton**

**From:** Pat Keating
**Sent:** Tuesday, April 19, 2011 3:37 PM
**To:** 'sbalber@chadbourne.com'
**Cc:** 'pelliott@beneschlaw.com'
**Subject:** Fortress Value Recovery Fund I, LLC v. CCG, et al. - Correspondence on Plaintiff's Standing *.*

Dear Mr. Balber,

You will recall that, at last week's case management conference before Judge Gwin, you promised to send a letter to the undersigned and Mr. Elliott, with references to the documents previously produced with your initial disclosures, demonstrating Plaintiff's claim that it has standing to pursue the causes of action set forth in the Complaint that was filed in this action. Please advise when we might receive such a letter.

Pat Keating

4/19/2011

**BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP**
Attorneys & Counselors at Law
Experience. Service. Excellence.℠

3800 Embassy Parkway Suite 300 Akron, Ohio 44333
330.376.5300 Toll Free 800.686.2825 Fax 330.258.6559 www.bdblaw.com

Akron
Boca Raton
Canton
Cleveland

Patrick J. Keating
330/258-6554
Direct Fax: 330/252-5554
pkeating@bdblaw.com

April 28, 2011

**VIA EMAIL**

Scott S. Balber, Esq.
Chadbourne & Parke, LLP
30 Rockefeller Plaza
New York, NY 10112

Re: *Fortress Value Recovery Fund I, LLC v. Columbus Components Group, LLC, et al.*
U.S. District Court for the Northern District of Ohio, Case No. 1:11-CV-00200

Dear Mr. Balber:

In the course of Tuesday's email exchange between you and Pete Elliott, counsel for Hawthorn Manufacturing Corporation and Patrick James, you claim that you reviewed "Mr. Keating's discovery requests". As you presumably know, however, neither I nor any of my colleagues have served you with any discovery requests on behalf of Columbus Components Group, LLC, CCG Holdings, LLC, or PJ Management Group, LLC. Instead, I was waiting to receive your letter in which you promised to demonstrate that the standing defense raised by all of the Defendants was a "red herring" before serving any discovery requests.

Indeed, you may recall that I sent you an email on April 19, inquiring when I might receive such a letter. You never replied.

Thus, I was disappointed to learn Tuesday afternoon that you have now changed your position, and you will not be sending such a letter, nor explaining how the standing defense is a "red herring" until you respond to outstanding discovery. Obviously, if that is your position, we will send you some discovery requests within the next few days.

Such discovery requests are, however, without waiver of our right to insist that you do provide the letter as you promised to us and to Judge Gwin at the case management conference. You

Scott S. Balber, Esq.
April 28, 2011
Page 2

have already stated that there is no further need to discuss this matter and that your change in position is final. We will therefore seek the assistance of the Court to hold you to your word.

Very truly yours,

Patrick J. Keating

PJK/lcs

cc: Pete Elliott, Esq.
     Philip R. Wiese, ESq.
     CCG Holdings, LLC
     PJ Management Group, LLC
     Columbus Components Group, LLC

«AK3:1064395_1»

**Pat Keating**

| | |
|---|---|
| **From:** | Balber, Scott [SBalber@chadbourne.com] |
| **Sent:** | Thursday, April 28, 2011 11:07 AM |
| **To:** | Pat Keating |
| **Cc:** | Abrahams, Emily; Elliott, Pete; Philip Wiese |
| **Subject:** | RE: Fortress Value Recovery Fund, LLC v. Columbus Components Group, LLC, et al. |

I have reneged on absolutely nothing and I really don't appreciate the stridency of the tone in your and Mr. Elliott's correspondence. If you have a problem with the timetable I have provided or believe I have made a misrepresentation to you or the Court, you should feel free to seek relief from the Court. If you do not seek relief from the Court, I will assume that this is just more disingenuous bluster.

-----Original Message-----
From: Pat Keating [mailto:PKeating@BDBLAW.com]
Sent: Thursday, April 28, 2011 10:54 AM
To: Balber, Scott
Cc: Abrahams, Emily; Elliott, Pete; Philip Wiese
Subject: RE: Fortress Value Recovery Fund, LLC v. Columbus Components Group, LLC, et al.

We understand each other fairly well, Mr. Balber. You have reneged on the representations you made at the Case Management Conference that you would send a letter shortly thereafter explaining Plaintiff's position on the issue of standing.

I am always willing to discuss such matters in a telephone call.
Indeed, it is my preference. Unfortunately, you have also made it clear that any discussion we might have to convince you to stand by your earlier representation of providing this information without the need to engage in formal discovery would be futile.

If you believe that a discussion would be helpful, then please fell free to call me..


Patrick J. Keating


http://www.bdblaw.com/
Attorneys & Counselors at Law -- http://www.bdblaw.com/ 3800 Embassy Parkway, Suite 300 Akron, OH 44333-8332

Phone: 330-258-6554
Direct Fax: 330-252-5554
Toll Free: 1-800-686-2825
mailto:PKeating@BDBLAW.com

http://www.bdblaw.com/newpublications.asp

http://www.bdblaw.com/PeopleDetail.asp?id=47

http://www.bdblaw.com/new/emailprivacy.html

1

"IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein."

From: Balber, Scott [mailto:SBalber@chadbourne.com]
Sent: Thursday, April 28, 2011 9:36 AM
To: Pat Keating
Cc: Abrahams, Emily
Subject: RE: Fortress Value Recovery Fund, LLC v. Columbus Components Group, LLC, et al.

Dear Mr. Keating --

You appear to have misinterpreted or willfully ignored my prior email.
I will provide the letter I said I would at the same time I respond to the outstanding discovery requests served by Mr. Elliott. My issue with Mr. Elliott was only as to the timing of when I would provide the letter. In the future, why don't you pick the phone and call me instead of sending letters and emails. Copy my colleague Emily Abrahams on all correspondence.

Regards,


Scott S. Balber
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
212-408-5466 (tel.)
646-710-5466 (fax)


-----Original Message-----
From: Pat Keating [mailto:PKeating@BDBLAW.com]
Sent: Thursday, April 28, 2011 9:32 AM
To: Balber, Scott
Subject: Fortress Value Recovery Fund, LLC v. Columbus Components Group, LLC, et al.



Patrick J. Keating


http://www.bdblaw.com/
Attorneys & Counselors at Law -- http://www.bdblaw.com/ 3800 Embassy Parkway, Suite 300 Akron, OH 44333-8332

Phone: 330-258-6554
Direct Fax: 330-252-5554

Toll Free: 1-800-686-2825
mailto:PKeating@BDBLAW.com

http://www.bdblaw.com/newpublications.asp

http://www.bdblaw.com/PeopleDetail.asp?id=47

http://www.bdblaw.com/new/emailprivacy.html

"IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein."

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me by replying to this message and permanently delete the original and any copy of this e-mail and any printout thereof.

For additional information about Chadbourne & Parke LLP and Chadbourne & Parke, a multinational partnership, including a list of attorneys, please see our website at http://www.chadbourne.com