## BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP
Attorneys & Counselors at Law
*Experience. Service. Excellence.*℠

3800 Embassy Parkway Suite 300 Akron, Ohio 44333
330.376.5300  Toll Free 800.686.2825  Fax 330.258.6559  www.bdblaw.com

Akron
Boca Raton
Canton
Cleveland

Patrick J. Keating
330/258-6554
Direct Fax: 330/252-5554
pkeating@bdblaw.com

April 28, 2011

The Honorable James S. Gwin
United States District Court
Northern District of Ohio
2 South Main Street
Akron, Ohio 44308

### DEFENDANTS' LETTER REQUEST FOR TELEPHONE CONFERENCE TO CLARIFY PLAINTIFF'S OBLIGATION TO SET FORTH THE BASIS OF ITS CLAIMED STANDING TO PURSUE THIS ACTION WITH REFERENCE TO SPECIFIC DOCUMENTS

Re: *Fortress Value Recovery Fund I, LLC v. Columbus Components Group, LLC, et al.*
Case No. 1:11-cv-00200

Dear Judge Gwin:

Pursuant to local practice and the guidelines set forth in Local Rule 37.1, the undersigned on behalf of Defendants Columbus Components Group, LLC, CCG Holdings, LLC and PJ Management Group, LLC ("CCG Defendants"), and after consultation with Attorney Pete Elliott, counsel for Hawthorn Manufacturing Corporation and Patrick James, writes to request a telephone conference with the Court to assist in resolving a dispute regarding the obligation of Plaintiff's counsel to provide a letter outlining Plaintiff's basis for standing to sue in this action.

As the Court may recall from the Case Management Conference conducted on April 13, 2011, the parties and the Court spent significant time discussing the issue of whether Plaintiff, as a claimed successor in interest to Brantley Mezzanine Finance, LLC, had the standing to pursue the claims which it has asserted in this action. As the Court may also recall, after discussing this issue at some length, Attorney Scott Balber on behalf of Plaintiff represented that he would send a letter to counsel for the respective Defendants which would set forth the basis for Plaintiff's position that it has standing to pursue the claims set forth in its Complaint with specific reference to the documents which Plaintiff has produced in its Initial Disclosures. The parties all agreed that, since standing was a threshold issue, it made sense to address this issue in an expedited fashion in order to conserve the resources and time of the parties. Attorney Balber represented at


EXHIBIT 4

The Honorable James S. Gwin
April 28, 2011
Page 2

the Case Management Conference that he would be able to provide such a letter shortly thereafter.

On Tuesday, April 19, 2011, six days after the Case Management Conference, the undersigned sent an email to Mr. Balber, inquiring when counsel for the Defendants might expect to receive Mr. Balber's promised letter. A copy of this email is attached. The undersigned received no reply to this email.

Approximately one week later, Attorney Elliott and Attorney Balber engaged in an email exchange on discovery issues, in which the undersigned learned, for the first time, that Mr. Balber had now changed his position and would not be providing the letter promised at the Case Management Conference until he had responded to the Defendants' discovery requests.

The undersigned then sent Mr. Balber a letter on the morning of April 28, 2011, a copy of which is also enclosed. Attorney Balber and the undersigned then engaged in an email exchange, which is also enclosed.

As the Court can see from the tenor of the recent email exchange between the undersigned and Mr. Balber, counsel for the Defendants have no choice but to seek the Court's assistance in resolving this dispute. Both the undersigned and Mr. Elliott expected to receive Mr. Balber's letter shortly after the Case Management Conference. Now it appears that we will not receive it until more than four weeks after the Case Management Conference. Despite the good faith efforts of the undersigned to resolve this dispute without involving the Court, the parties are unable to reach any agreement.

Accordingly, following the practice set forth in Local Rule 37.1 regarding discovery disputes, the undersigned respectfully requests a telephone conference with the Court to address this impasse. The undersigned is hopeful that a call with the Court will obviate the need to resolve this matter on a motion.

Very truly yours,

Patrick J. Keating

PJK/lcs
Enclosures

cc:	Scott S. Balber, Esq.
	Emily Abrahams, Esq.
	Pete Elliott, Esq.
	Philip R. Wiese, Esq.

«AK3:1064557_v1»