UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FORTRESS VALUE RECOVERY FUND I LLC,<br><br>                                    Plaintiff,<br><br>-against-<br><br>COLUMBUS COMPONENTS GROUP, LLC, CCG HOLDINGS, LLC, PJ MANAGEMENT GROUP, LLC, HAWTHORN MANUFACTURING CORPORATION, and PATRICK JAMES,<br><br>                                    Defendants. | Case No. 1:11-CV-00200<br><br>Hon. James S. Gwin<br><br>**DECLARATION OF SCOTT S. BALBER IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |

SCOTT S. BALBER, hereby declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of the law firm of Chadbourne & Parke LLP, attorneys for Plaintiff Fortress Value Recovery Fund I LLC ("Plaintiff"). I am fully familiar with all of the facts set forth herein. I make this declaration in opposition to Defendants' motion to compel.

2. On April 13, 2011, at the case management conference held before this Court, I volunteered to provide counsel for Defendants with a letter setting forth the basis for Plaintiff's standing to assert its claims, with reference to the Bates numbers of the documents produced by Plaintiff (the "Standing Letter"). I did not commit to a date certain by which I would provide the Standing Letter, nor did the Court direct me to provide it by a date certain.

3. When I returned to my office after the case management conference, I reviewed defendant Hawthorn Manufacturing Corporation's voluminous First Set of Interrogatories and Request for Production of Documents (the "Request"), which seeks precisely the same information that would be provided in the Standing Letter.

4. As such, and as I made clear on multiple occasions to counsel for Defendants before they made this motion to compel, rather than engage in the same exercise twice, I agreed to provide the Standing Letter as part of Plaintiff's response to the Request, which was due today, May 12, 2011.

5. In addition, on April 21, 2011, I received three CDs containing documents produced by Defendants. Among the documents produced by Defendants were: (1) the Second Amendment to the Note Purchase Agreement *executed by CCG and Plaintiff, and acknowledged by CCG Holdings and PJ*, and (2) Reaffirmation Agreements *executed by, among others, CCG, CCG Holdings, and PJ, which expressly and unequivocally acknowledge Plaintiff's rights under the Agreement and the corresponding guaranties*, as successor to Reserve Mezzanine Finance, LLC. The agreements were executed precisely to avoid the frivolous excuses for non-payment asserted by the Defendants in this case.

6. Notwithstanding the foregoing, on May 2, 2011, Defendants jointly filed this motion to compel the production of the Standing Letter, which I, at all times promised to provide along with Plaintiff's responses to the Request.

7. Today, I served counsel for Defendants with the Standing Letter, a true and correct copy of which is attached as Exhibit A.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       May 12, 2011

                                                /s/ Scott S. Balber
                                                  Scott S. Balber

# CERTIFICATE OF SERVICE

The foregoing has been served on all parties via the Court's electronic filing system on this 12th day of May, 2011.

                                                  /s/ Scott S. Balber
                                                    Scott S. Balber